UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMOND ZOICA,

    Petitioner,

v.                              CASE NO. 12-14923
                                 HONORABLE DENISE PAGE HOOD

CINDI CURTIN,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR
RECONSIDERATION AND FOR AN EVIDENTIARY HEARING**

**I. INTRODUCTION**

Petitioner Edmond Zoica has filed a *pro se* habeas corpus petition challenging his Oakland County conviction for conspiracy to commit first-degree murder. He alleges that his trial and appellate attorneys were ineffective and that his waiver of the right to testify was involuntary. More specifically, Petitioner alleges that: (1) trial counsel's advice during plea negotiations was incorrect and insufficient; (2) trial counsel's representation resulted in a conflict of interest; (3) trial counsel failed to investigate and present an alibi defense; (4) trial counsel failed to impeach two prosecution witnesses who implicated him in the conspiracy; (5) his waiver of the right to testify was involuntary, and trial counsel gave incorrect advice regarding the right to testify; and (6) appellate counsel was ineffective for failing to raise these issues on direct appeal. Respondent Cindi Curtin argues in an answer to the habeas petition that none of these claims entitle Petitioner to habeas corpus relief. Currently pending before the Court are Petitioner's motions for an evidentiary hearing and

for reconsideration of the Court's prior order denying Petitioner's request for a copy of his transcript of trial.

## II. THE MOTION FOR AN EVIDENTIARY HEARING

Petitioner seeks an evidentiary hearing to develop the facts for his claims about trial and appellate counsel. He asserts that specific facts, if proven, would entitle him to relief.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case, and

> AEDPA restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011)]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir.), *cert. denied sub nom Keeling v. Brunsman*, __ U.S. __, 133 S. Ct. 141 (2012). If a state court did not adjudicate the petitioner's claims on the merits, the question is whether the petitioner failed to develop the factual basis for his claim in state court or satisfies one of the exceptions to the rule. *Id.* at 464-65 (explaining the requirements of 28 U.S.C. § 2254(e)(2)).[1] And, "[i]n cases

---

[1] Section 2254(e)(2) reads:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474.

Even assuming that the state court did not adjudicate all of Petitioner's claims on the merits and that Petitioner was not at fault for failing to develop the facts in state court, the Court is not persuaded that Petitioner has made a colorable claim of ineffective assistance of counsel and that further development of the facts would entitle him to relief. He indicated at trial that he was not interested in pleading guilty (Trial Tr. Vol. II, 182-83, Jan. 24, 2006) or testifying (Trial Tr. Vol. XV, 81-83, Feb. 14, 2006), and his conflict-of-interest claim is based on his disagreement with his trial attorney's approach to the case. Petitioner's alibi defense had questionable merit, given the testimony of two key prosecution witnesses that Petitioner was part of the conspiracy, and counsel's cross-examination of those witnesses arguably did not fall below an objective standard of reasonableness. For all these reasons, the Court finds that an evidentiary hearing is not required. Consequently, Petitioner's motion for an evidentiary hearing (Document 14, filed August 19, 2013) is **DENIED**.

---

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

### III.  THE MOTION FOR RECONSIDERATION

In his motion for reconsideration, Petitioner seeks to have the Court reconsider its order denying his request to have the State provide him with a copy of the transcript of trial. Petitioner contends that he needs the transcript to advance his constitutional claims and to direct the Court to specific parts of the record.

This Court's Local Rules prohibit the Court from granting a motion for reconsideration unless the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and "that correcting the defect will result in a different disposition of the case." LR 7.1(h)(3) (E.D. Mich. July 1, 2013).  In his habeas petition, Petitioner has cited to the transcript of trial, summarized the procedural history of his case, and intelligently articulated his claims.  He has also supported his constitutional claims with considerable factual detail. The Court therefore concludes that it was not misled by a palpable defect when it denied Petitioner's request for a copy of the transcript of trial. Petitioner's motion for reconsideration (Document 17, filed September 9, 2013) is **DENIED**.

SO ORDERED.

S/Denise Page Hood<br>
United States District Judge

Dated:  January 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>
Case Manager