UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMOND ZOICA,

        Petitioner,

                                      CASE NO. 12-14923
v.                                     HONORABLE DENISE PAGE HOOD

CINDI CURTIN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**
(Document 19, filed February 18, 2014)

### I.  Background

Petitioner Edmond Zoica has filed a *pro se* habeas corpus petition challenging his Oakland County conviction and life sentence for conspiracy to commit first-degree murder. Petitioner alleges that his trial and appellate attorneys were ineffective and that his waiver of the right to testify was involuntary.

On August 19, 2013, Petitioner filed a motion for an evidentiary hearing on the basis that the state court record does not reveal sufficient facts for the Court to determine whether his trial attorney's performance was deficient and whether the deficient performance prejudiced the defense. Petitioner sought to establish that his trial attorney: gave him incorrect advice during plea negotiations; was unduly influenced by the co-defendants' attorneys; failed to investigate a known alibi defense; failed to disclose two witnesses' motivation for testifying against him; and gave him incorrect advice when he wanted to testify in his own behalf.

On January 27, 2014, the Court denied Petitioner's motion. The Court stated that it was precluded from holding an evidentiary hearing on claims that were adjudicated on the merits in state court and that Petitioner had not made a colorable claim of ineffective assistance of counsel. The Court noted that Petitioner showed no interest in pleading guilty, that his conflict-of-interest claim was based on his disagreement with his attorney's approach to the case, that his alibi defense had questionable merit, and that his attorney's cross-examination of witnesses did not fall below an objective standard of reasonableness.

Currently pending before the Court is Petitioner's motion for reconsideration of the Court's order denying his motion for an evidentiary hearing. He argues that his rejection of the plea offer is irrelevant because his attorney's advice was the decisive factor in his decision to reject the offer. Petitioner also claims that the facts are not contradicted by the record and that, if he can prove his claims, he will be entitled to habeas relief.

## II.  Discussion

Motions for reconsideration must be filed within fourteen days of the judgment or order being challenged. E.D. Mich. Local Rule 7.1(h)(1). Petitioner's motion is untimely because it was signed and dated on February 12, 2014, which is more than fourteen days after January 27, 2014, the date on which the Court denied Petitioner's motion for an evidentiary hearing.

Furthermore, to prevail on his motion, Petitioner must show a "palpable defect" in the Court's order denying his motion for an evidentiary hearing and that correcting the defect will result in a different disposition of the case. E.D. Mich. Local Rule 7.1(h)(3); *Indah v. U. S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v.*

*Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co*., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

The Court is not persuaded that it made a palpable defect when it denied Petitioner's motion for an evidentiary hearing. Consequently, Petitioner's motion for reconsideration (Document 19, filed February 18, 2014) is **DENIED**.

                                         S/Denise Page Hood
                                         Denise Page Hood
                                         United States District Judge

Dated: June 24, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2014, by electronic and/or ordinary mail.

                                         S/LaShawn R. Saulsberry
                                         Case Manager